# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STEVEN DENNIS YOUNG,**

    **Plaintiff,**

**vs.**                                                                     **Case No. 4:08cv44-SPM/WCS**

**WALTER A. McNEIL,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, has filed an emergency motion for emergency action. Doc. 19. Plaintiff contends he is being served rotten food, his grievances are denied, and Plaintiff wants a court order precluding him from having to "eat any food from Florida Sate Prison's Kitchen." *Id.*, at 2. Review of the grievances attached to Plaintiff's motion show that Plaintiff has generally complained about the cleanliness of food trays and the portions of food received. *See* "answer and response" to Defendant's answer with affirmative defenses. Doc. 17. There is only one grievance, dated November 9, 2008, concerning the allegations in Plaintiff's motion. The grievance has no reply, although it is noted that Plaintiff mailed his motion on November 19, 2008. This report and recommendation is entered without awaiting a reply from the Defendant.

Plaintiff's motion should be denied *sua sponte*. Plaintiff's motion is essentially requesting a preliminary injunction, and granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury if the injunction were not granted;

    (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

    (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff faces a heavy burden in supporting his claims in this case. It is noted that challenges to a prison's failure to provide kosher food have generally not succeeded. *See* Baranowski v. Hart, 486 F.3d 112 (5th Cir. 2007) (finding that failure to provide kosher meals did not violation inmate's free exercise rights or rights under the Religious Land use and institutionalized Persons Act {RLUIPA}); Patel v. U.S. Bureau of

Prisons, 515 F.3d 807 (8th Cir. 2008); *but see* Fegans v. Norris, 537 F.3d 897 (8th Cir. 2008) (entering judgment in favor of inmate with respect to the denial of Kosher meals). Moreover, beyond finding that Plaintiff does not face a substantial likelihood of success on the merits, Plaintiff has not shown a substantial threat of "irreparable injury" if the injunction were not granted because this is an isolated event.  Plaintiff's allegations in the motion reveal that he complained about rotten food one time, and it appears to have happened one time.  Thus, failing to issue an injunction would not constitute a "substantial threat of irreparable injury."

This Court will not order that Plaintiff be allowed to eat food prepared elsewhere and brought to the prison.  Plaintiff's housing assignment is within the discretion of the Florida Department of Corrections, and the Department does not currently provide "all kosher" meals from a certified kosher meal provider, as requested by Plaintiff.  It appears that Plaintiff is complaining about one instance, and emergency relief is not appropriate.  If Plaintiff is entitled to relief in this case challenging the discontinuation of the Jewish Dietary Accommodation program, it will be provided in due course at the conclusion of this litigation.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for emergency action, doc. 19, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 3, 2008.

    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**